RECEIVED
IN LAKE CHARLES, LA

OCT 2 3 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| FRANCES DELON | : | DOCKET NO. 2:04 CV 1419 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| LCR-M LIMITED PARTNERSHIP | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Presently before the court is an "Objection to and Motion to Strike Affidavit of Dennis Arendt" [doc. 35]. This objection/motion was filed by the Plaintiff, Frances Delon ("Delon"), in opposition to an affidavit used by the Defendant, LCR-M Limited Partnership ("LCR-M"), in support of the Defendant's Motion for Summary Judgment [doc. 28].

The Plaintiff objects to the admission of Arendt's affidavit based on relevance and hearsay. The Plaintiff claims that following statements are irelevant:

- Arendt states in ¶ 3 that "I did not find her [Plaintiff] to be a pleasant person to work with. I found her to be pushy and often confrontational."

- Arendt states in ¶ 4 that "I did not believe that was true [an affair] but my problems with Ms. Delon had nothing to do with her belief that they were having an affair."

Delon argues that these statements by Arendt are irrelevant because he was a counter employee, not a supervisor. Delon argues that Arendt cannot give an opinion as to whether being "pushy and confrontational" was a good or bad sales attribute.

MCR-M asserts that there is undisputed evidence that one of the two primary reasons for the Plaintiff's termination was poor working relationships with co-workers and her supervisor, the nature of which Delon candidly admitted.[1] The affidavit of Arendt is one of four affidavits by co-workers offered in support of LCR-M's defense that Delon was terminated, in part, because of poor relationships with co-workers.

Personality conflicts constitute a legitimate ground for termination.[2] Accordingly, Arendt's testimony that he found the Plaintiff to be pushy and confrontational is relevant.

The statements Delon finds objectionable based on hearsay are as follows:

- "I know of customers who had similar problems with her [Plaintiff] and some refused to deal with her."

- "I occasionally reported these problems to Bobby Soileau."

- "I was also aware of complaints about Ms. Delon from other employees and customers prior to her allegation of this affair."

Federal Rules of Evidence Rule 801 (c) states that "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. While the Plaintiff argues that these statements are hearsay, LCR-M counters that, because one of the reasons Delon was terminated was because of the excessive number of customer complaints filed against her, Arendt's testimony that he knew of complaints being filed is

---

[1] Deposition of Delon at pp. 157-60, 168, 174-176, 235-45, 252-54, 268-72, 277-78). Attached to LCR-M's Motion for Summary Judgment [doc. 28].

[2] See *Sarff v. Continental Express*, 894 F.Supp. 1076 (S.D. Tex. 1995); *Hooven-Lewis v. Caldera*, 249 F.3d 259, 274 (4th Cir. 2001); *Vore v. Indiana Bell Telephone Co.*, 32 F.3d 1161 (7th Cir. 1994); *Jackson v. City of Killeen*, 654 F.2d 1181, 1183 (5th Cir. 1981); *Caro v. City of Dallas*, 17 F.Supp. 2d 618, 626 (N.D. Tex. 1998).

admissible.

Complaints filed by customers and co-workers constitute a legitimate, non-discriminatory basis for termination.[3] LCR-M asserts that the evidence of the complaints, in the affidavit, is being offered not for the truth of the matter asserted, but to show that complaints were made and reported. Because the fact that the complaints were lodged is not being offered for truth, these statements are admissible. Accordingly,

IT IS ORDERED that the Plaintiff's Objection to and Motion to Strike the Affidavit of Dennis Arendt IS DENIED.

Lake Charles, Louisiana, this 23 day of October, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[3] *Arrington v. Southwestern Bell Telephone Co.*, 2004 WL 362239, *4 (5th Cir. 2004); *Sarff*, 894 F. Supp. 1076; *Hooven-Lewis*, 294 F.3d at 274.