

RECEIVED
IN LAKE CHARLES, LA

OCT 2 3 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| FRANCES DELON | : | DOCKET NO. 2:04 CV 1419 |
| VS. | : | JUDGE MINALDI |
| LCR-M LIMITED PARTNERSHIP | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM ORDER

Presently before the court is an "Objection to and Motion to Strike Affidavit of Katie Hooper" [doc. 37]. This objection/motion was filed by the Plaintiff, Frances Delon ("Delon"), in opposition to an affidavit used by the Defendant, LCR-M Limited Partnership ("LCR-M"), in support of the Defendant's Motion for Summary Judgment [doc. 28].

The Plaintiff objects to the admission of Hooper's affidavit based on relevance and hearsay. The Plaintiff claims the following statements are irrelevant:

- Hooper states in ¶ 3 that " Ms. Delon was not an easy person to get along with. I found her to be pushy and confrontational. I personally heard a number of customers complain about her."

Delon argues that these statements by Hooper are irrelevant because she was in showroom sales, not a supervisor. Delon argues that Hooper cannot give an opinion as to whether being "pushy and confrontational" was a good or bad sales attribute.

MCR-M asserts that there is undisputed evidence that one of the two primary reasons for the Plaintiff's termination was poor working relationships with co-workers and her supervisor, the nature

of which Delon candidly admitted.[1] The affidavit of Hooper is one of four affidavits by co-workers offered in support of LCR-M's defense that Delon was terminated, in part, because of poor relationships with co-workers.

Personality conflicts constitute a legitimate ground for termination.[2] Accordingly, Hooper's testimony that she found the Plaintiff to be pushy and confrontational is relevant.

The statements Delon finds objectionable based on hearsay are as follows:

- "I personally heard a number of customers complain about her."

- "I reported some these problems to Bobby Soileau."

- "I was aware that Ms. Delon accused Bobby Soileau of having an affair with Misty Smith. I did not believe the rumor to be true. However, the problems with customers and coworkers began long before she began claiming that Mr. Soileau had an affair with Misty Smith."

Federal Rules of Evidence Rule 801 (c) states that "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. While the Plaintiff argues that these statements are hearsay, LCR-M counters that, because one of the reasons Delon was terminated was because of the excessive number of customer complaints filed against her, Hooper's testimony that she knew of complaints being filed is admissible.

Complaints filed by customers and co-workers constitute a legitimate, non-discriminatory

---

[1] Deposition of Delon at pp. 157-60, 168, 174-176, 235-45, 252-54, 268-72, 277-78). Attached to LCR-M's Motion for Summary Judgment [doc. 28].

[2] See *Sarff v. Continental Express*, 894 F.Supp. 1076 (S.D. Tex. 1995); *Hooven-Lewis v. Caldera*, 249 F.3d 259, 274 (4th Cir. 2001); *Vore v. Indiana Bell Telephone Co.*, 32 F.3d 1161 (7th Cir. 1994); *Jackson v. City of Killeen*, 654 F.2d 1181, 1183 (5th Cir. 1981); *Caro v. City of Dallas*, 17 F.Supp. 2d 618, 626 (N.D. Tex. 1998).

basis for termination.[3] LCR-M asserts that the evidence of the complaints, in the affidavit, is being offered not for the truth of the matter asserted, but to show that complaints were made and reported. Because the fact that the complaints were lodged is not being offered for truth, these statements are admissible. Accordingly,

IT IS ORDERED that the Plaintiff's Objection to and Motion to Strike the Affidavit of Katie Hooper is DENIED.

Lake Charles, Louisiana, this ___ day of October, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[3] *Arrington v. Southwestern Bell Telephone Co.*, 2004 WL 362239, *4 (5th Cir. 2004); *Sarff*, 894 F. Supp. 1076; *Hooven-Lewis*, 294 F.3d at 274.