RECEIVED
IN LAKE CHARLES, LA

OCT 23 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| FRANCES DELON | : | DOCKET NO. 2:04 CV 1419 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| LCR-M LIMITED PARTNERSHIP | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Presently before the court is an "Objection to and Motion to Strike Affidavit of Shayne Owens" [doc. 38]. This objection/motion was filed by the Plaintiff, Frances Delon ("Delon"), in opposition to an affidavit used by the Defendant, LCR-M Limited Partnership ("LCR-M"), in support of the Defendant's Motion for Summary Judgment [doc. 28].

The Plaintiff objects to the admission of Owens's affidavit based on relevance and hearsay.

The Plaintiff claims the following statements are irrelevant:

- Owens states in ¶ 3 that "I did not enjoy working with Frances Delon. I did not feel that we got along very well or had a good working relationship. I found Ms. Delon difficult to get along with at work. She was pushy and confrontational. She never took any blame for her mistakes. I did not like to work with Ms. Delon."

- Owens states in ¶ 7: "I did not believe Ms. Delon's allegations of the affair, but my working relationship with her was already poor. My problems with her began prior to 2003 and continued until her employment was terminated."

Delon argues that these statements by Owens are irrelevant because she was in showroom or outside sales, not a supervisor. Delon argues that Owens cannot give an opinion as to whether being "pushy and confrontational" was a good or bad sales attribute.

MCR-M asserts that there is undisputed evidence that one of the two primary reasons for the Plaintiff's termination was poor working relationships with co-workers and her supervisor, the nature of which Delon candidly admitted.[1] The affidavit of Owens is one of four affidavits by co-workers offered in support of LCR-M's defense that Delon was terminated, in part, because of poor relationships with co-workers.

Personality conflicts constitute a legitimate ground for termination.[2] Accordingly, Owens's testimony that she found the Plaintiff to be pushy and confrontational is relevant.

The statements Delon finds objectionable based on hearsay are as follows:

- "I also heard similar complaints from other employees about Ms. Delon, including Misty Smith, Katie Hooper, Phil Broussard and Dennis Arendt."

- "I was also aware of customers who had similar problems with her. I receive complaints from customers about her, and I was aware of customers who refused to deal with her."

- "I reported these complaints to Bobby Soileau as well." "I continued reporting these problems to Mr. Soileau."

- "I am also aware that Bobby Soileau counseled Ms. Delon several times about her poor relationships with and confrontational style toward other employees and customers."

- "I understand that Ms. Delon called Karl Triche sometime in early 2003 and reported that she thought that Bobby Soileau and Misty Smith were having an affair."

- "I was aware of many complaints from other employees and customers about Ms. Delon prior to her allegation of this affair."

---

[1] Deposition of Delon at pp. 157-60, 168, 174-176, 235-45, 252-54, 268-72, 277-78). Attached to LCR-M's Motion for Summary Judgment [doc. 28].

[2] See *Sarff v. Continental Express*, 894 F.Supp. 1076 (S.D. Tex. 1995); *Hooven-Lewis v. Caldera*, 249 F.3d 259, 274 (4th Cir. 2001); *Vore v. Indiana Bell Telephone Co.*, 32 F.3d 1161 (7th Cir. 1994); *Jackson v. City of Killeen*, 654 F.2d 1181, 1183 (5th Cir. 1981); *Caro v. City of Dallas*, 17 F.Supp. 2d 618, 626 (N.D. Tex. 1998).

Federal Rules of Evidence Rule 801 (c) states that "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. While the Plaintiff argues that these statements are hearsay, LCR-M counters that, because one of the reasons Delon was terminated was because of the excessive number of customer complaints filed against her, Owens's testimony that had personal knowledge of complaints being filed is admissible.

Complaints filed by customers and co-workers constitute a legitimate, non-discriminatory basis for termination.[3] LCR-M asserts that the evidence of the complaints, in the affidavit, is being offered not for the truth of the matter asserted, but to show that complaints were made and reported. Because the fact that the complaints were lodged is not being offered for truth, these statements are admissible. Owens states, however, that she "was aware of customers who had similar problems." The court is not told how Ms. Owens became "aware" or how she was aware that the they "had similar problems." This statement is being offered to show the truth of the matter asserted and will be excluded as hearsay.

"I was aware of customers who refused to deal with her" is not hearsay. To be admissible, Ms. Owens must establish how she became "aware" of these customers refusing to deal with Delon.

"I reported these complaints to Bobby Soileau" and "I continued reporting these problems" is not hearsay. These statements show the fact that Owens made a report to Soileau. They do not address the truth of the matter asserted.

"I am also aware that Bobby Soileau counseled Ms. Delon several times about her poor

---

[3] *Arrington v. Southwestern Bell Telephone Co.*, 2004 WL 362239, *4 (5th Cir. 2004); *Sarff*, 894 F. Supp. 1076; *Hooven-Lewis*, 294 F.3d at 274.

relationships with and confrontational style toward other employees and customers." The court is not told how Ms. Owens knew that Soileau counseled Ms. Delon or that she was present during that counseling. This statement is inadmissible.

"I understand that Ms. Delon called Karl Triche sometime in early 2003 and reported that she thought that Bobby Soileau and Misty Smith were having an affair." Ms. Owens does not state how she knew that Delon called Triche or that she witnessed this conversation. This statement is inadmissible hearsay.

"I was aware of many complaints from other employees and customers about Ms. Delon prior to her allegation of this affair." For this statement to be admissible, Ms. Owens would have to establish that she had firsthand knowledge of the complaints.

Accordingly,

IT IS ORDERED that the Plaintiff's Objection to and Motion to Strike the Affidavit of Shayne Owens is DENIED IN PART and GRANTED IN PART as set forth above.

Lake Charles, Louisiana, this 23 day of October, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE